1

```
1                 UNITED STATES DISTRICT COURT
2               CENTRAL DISTRICT OF CALIFORNIA
3                       WESTERN DIVISION
4        THE HON. STEPHEN V. WILSON, JUDGE PRESIDING
5

6   UNITED STATES OF AMERICA,       )
                                    )
7                  Plaintiff,       )
                                    )
8        vs.                        ) NO. 19-CR-00212-SVW
                                    )
9   JUAN CARLOS GUDINO; JOSE LUIS   )
    NUNEZ,                          )
10                                  )
                   Defendants.      )
11  _____)

12

13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS
16                 Los Angeles, California
17                 Monday, August 19, 2019

18

19

20

21

22

23        Lisa M. Gonzalez, CSR 5920, CCRR
                  Official Reporter
24        United States District Courthouse
            350 W. First Street, Room 4455
25         Los Angeles, California  90012
           213.894-2979; www.lisamariecsr.com
```

*Lisa M. Gonzalez, Official Reporter*

```
 1   APPEARANCES:

 2   FOR THE GOVERNMENT:    OFFICE OF THE UNITED STATES ATTORNEY
                            BY:  KEVIN J. BUTLER
 3                          ASSISTANT UNITED STATES ATTORNEY
                            United States Courthouse
 4                          312 N. Spring Street
                            Los Angeles, California 90012
 5                          (213) 894-6495

 6   FOR THE DEFENDANTS:    FEDERAL PUBLIC DEFENDERS OFFICE
                            BY:  ELENA SADOWSKY
 7                               DEPUTY FEDERAL PUBLIC DEFENDER
                            321 East Second Street
 8                          Los Angeles, California 90012
                            213-894-7330
 9
                            LAW OFFICE OF JOHN TARGOWSKI
10                          BY:  JOHN TARGOWSKI, ESQ.
                            4640 Admiralty Way
11                          Suite 500
                            Marina Del Ray, CA 90292
12                          310-920-9177

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            Los Angeles, California; Monday, August 19, 2019;
 2                              a.m. session
 3            THE CLERK:  Calling Item Number 5,
 4   CR-2019-00212-SVW, United States of America versus Juan
 5   Carlos Gudino and Jose Luis Nunez.
 6            Counsel, can I have your appearance, please.
 7            MR. BUTLER:  Good morning, Your Honor.  Kevin
 8   Butler on behalf of the United States.
 9            MS. SADOWSKY:  Good morning, Your Honor.  Elena
10   Sadowsky on behalf of Jose Luis Nunez, Junior, who is
11   present in court on bond.
12            MR. TARGOWSKI:  Good morning, Your Honor.  John
13   Targowski on behalf of Mr. Gudino.  He is present in
14   custody.
15            I'm actually not sure why he was brought today.
16   We didn't join this motion.  I was here to observe, however.
17            THE COURT:  The first item is whether there is any
18   need for an evidentiary hearing in this case.  Is there?
19   Was one requested?
20            MR. BUTLER:  There was from defense, Your Honor.
21   The Government proposed that that was not necessary for
22   several reasons --
23            THE COURT:  I'll get to that in a minute.
24            MR. BUTLER:  Sure.
25            THE COURT:  So what is, Ms. Sadowsky, that is the
```

1  subject of an evidentiary hearing?

2      MS. SADOWSKY:  I believe there are a few facts
3  that are still unclear even after the deputies submitted
4  their declarations.

5      And I would note that one of the declarations
6  submitted by Deputy Ingersol was unsigned.  So that calls
7  into question whether all of the facts in that
8  declaration -- he would testify to those facts.

9      The facts that I think that are still unclear are
10 when the deputies learned that Mr. Nunez was on probation,
11 when deputies learned that he was on probation specifically
12 for assault, and I believe --

13     THE COURT:  Why is that necessary?  If they knew
14 he was on probation, is there some requirement that the
15 officers have to know what the underlying crime was?

16     MS. SADOWSKY:  Our argument is that even if the
17 deputies did know that he was on probation and even if they
18 did know he was on probation for assault, it is not relevant
19 because they did not know that he had search conditions as
20 part of his probation.

21     But the Government does make the argument that
22 deputies could have assumed, based on the fact that he was
23 on probation for assault, that his probation included search
24 conditions.

25     THE COURT:  Well, I think that the case law

*Lisa M. Gonzalez, Official Reporter*

1  supports that, so the question you raise regarding whether
2  the deputies knew -- I think it is Nunez, Senior -- isn't
3  that the one -- there's a junior and a senior. Who was the
4  one who was on probation?
5          MS. SADOWSKY: Nunez, Junior.
6          THE COURT: Nunez, Junior.
7          MS. SADOWSKY: Yes, my client.
8          THE COURT: The one who was seated in the car in
9  the driveway.
10         MS. SADOWSKY: Correct, Your Honor.
11         THE COURT: So that may -- it may be necessary to
12 have an evidentiary hearing.
13         What other subject do you think requires an
14 evidentiary hearing?
15         MS. SADOWSKY: The other two facts that I think
16 could be disputed are the fact that Deputy Barajas wrote in
17 his declaration that he heard a commotion when Mr. Gudino
18 ran through the home. And that was not originally in his
19 incident report and so I think we could -- we would want to
20 cross-examine him on why it wasn't in his incident report to
21 begin with.
22         And the other fact was when the deputies learned
23 that Mr. Nunez had gang affiliation. Was it before they
24 entered the home, or was it later at the station when they
25 interviewed him.

1  THE COURT: I see. So how does the Government
2 respond to those factual matters, forgetting for the moment
3 whether the Government thinks an evidentiary hearing is
4 required.
5  MR. BUTLER: Yes, Your Honor. As to the first
6 point, one of the declarations being unsigned. That was
7 simply a clerical error. I have the signed declaration,
8 copies with me, and they are largely duplicative. So even
9 if you were not to consider that declaration, the other
10 officer's declaration fully supports the opposition.
11  Secondly, as to who and when the defendant stated
12 he was on probation, that's set forth in the defendant's
13 facts statement in their motion on page 7, line 16 and 17,
14 that the defendant admits when this was, before the search,
15 and cites, in fact, to the surveillance video --
16  THE COURT: I lost your train of thought. Would
17 you go back --
18  MR. BUTLER: Sure. In the fact section of their
19 motion, they set forth when and to who the defendant
20 admitted he was on probation. It was before the search and
21 to the officers generally. So there doesn't seem to be any
22 dispute as to when he admitted to being on probation.
23 That's set forth in their motion as well as in our
24 opposition.
25  THE COURT: And that was in the argument section,

1  or was it a declaration?
2           MR. BUTLER:  It was in the fact section of their
3  motion and cites, in fact, to the surveillance video which
4  they attach to their motion, which it's not police
5  surveillance.  But it's also in our declarations by the
6  officers.
7           THE COURT:  So if that is so, Ms. Sadowsky, would
8  it still be necessary to have an evidentiary hearing as to
9  when the officers knew that Nunez was on probation?
10          MS. SADOWSKY:  I would note that in our fact
11  section, we did have a footnote that said the facts were
12  based on the reports that we received from the Government --
13          THE COURT:  I see.  So that wasn't an admission,
14  that was just a referral to what the Government contends is
15  fact.
16          MS. SADOWSKY:  Correct, Your Honor.
17          THE COURT:  I see.  Okay.
18          MR. BUTLER:  Your Honor, that may be so.  I've
19  just seen that it says:  He informed the deputies that he
20  was on probation, was immediately handcuffed without
21  incident and put in the back of the patrol car, citing to
22  minute 640 of the surveillance video, that they put forward,
23  not our incident report.
24          I think that as we --
25          THE COURT:  What about the commotion contention?

1  I don't know that the issue of whether or not a commotion
2  was overheard is relevant to all the bases for denying the
3  motion, but it seems like it might be relevant to one of
4  your contentions regarding exigent circumstances.  It may
5  not be necessary to the probation search or the --
6          Let me ask you this with regard to one of your
7  arguments about the protective sweep.
8          Is it your position that protective sweeps are
9  allowable on a case-by-case basis?
10         MS. SADOWSKY:  Your Honor, may I interrupt?
11         THE COURT:  No, you may not.  I'm asking the
12 Government a question.
13         MR. BUTLER:  I do think that the facts of each
14 case are necessary to determine whether a warrantless search
15 based on a protective sweep is necessary.  And the main case
16 cited by the defendants, Garcia, speaks to a certain set of
17 facts that --
18         THE COURT:  That's what I wanted to get to because
19 in that unpublished -- that opinion, the evidence was
20 suppressed, and the Court found that there was not an
21 adequate basis for protective sweep.
22         Do you read that case as a broad statement that
23 protective sweeps are not allowable or that it's case by
24 case?
25         MR. BUTLER:  Case by case, Your Honor.

1  THE COURT: And then you've made an effort to
2  distinguish this case factually.
3  Let me hear back from you, Ms. Sadowsky.
4  MS. SADOWSKY: Thank you, Your Honor.
5  It was just brought to my attention that the
6  deputies involved in this case may be in the courtroom and
7  so we would ask that they be excluded just in case we end up
8  having an evidentiary hearing in this case.
9  THE COURT: Are they here now?
10  MR. BUTLER: They are not, Your Honor.
11  MS. SADOWSKY: Thank you, Your Honor.
12  THE COURT: So the deputies are L.A. City --
13  MR. BUTLER: L.A. Sheriff's Department.
14  THE COURT: Where was this search again? What
15  location?
16  MR. BUTLER: It was in Compton, Your Honor.
17  THE COURT: Compton. Well, maybe we should have
18  an evidentiary hearing. I can do it later in the week.
19  Are you available, Ms. Sadowsky?
20  MS. SADOWSKY: Yes, Your Honor. One moment.
21  I am available all day on Wednesday and Friday.
22  THE COURT: Okay. Wednesday would be preferable.
23  If the deputies are available Wednesday, let's arrange that.
24  Let us know if they are.
25  And if not, let's do it next Monday at

1   10:00 o'clock.
2           All right.  Thank you.
3           MR. TARGOWSKI:  Your Honor, is Mr. Gudino going to
4   be brought back for that motion?  That would be my request.
5           THE COURT:  Would you want him back here?
6           MR. TARGOWSKI:  Yes, Your Honor.
7           THE COURT:  Then, he will be brought back here.
8           MR. TARGOWSKI:  Thank you.
9               (*Thereupon, proceedings adjourned*)
10
11                          -oOo-
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  July 27, 2021

```
                                    Lisa M. Gonzalez
             /s/_____
             Lisa M. Gonzalez, U.S. Court Reporter
             CSR No. 5920
```